Fremont-Smith, J.
Plaintiff, Daniel Parzyck (Parzyck) brought this action against defendant Larry E. DuBois, Commissioner of the Department of Correction (DuBois) to compel DuBois to award Parzyck earned good time credits for participation in AA/NA[2] counseling programs pursuant to the court order in Piggott v. DuBois, Civil Action No. 92-3777-A (Suffolk Super. Ct. May 18, 1993) (the Piggott order). DuBois moves to dismiss, or in the alternative for summary judgment on the grounds that Parzyck was not a state prisoner but rather was a county prisoner on May 18, 1993, the date of the Piggott order and thus has no standing to pursue this action.
BACKGROUND
On or about April 14, 1989, Parzyck began serving a 5-7 year state sentence for Breaking and Entering with Intent to Commit a Felony. On February 12, 1991, Parzyck received a 2lA¿ year from and after county sentence with a total aggregate 4V2 years for Assault with Deadly Weapon and Assault and Battery.
On May 14, 1993, Parzyck was discharged from his state sentence to begin serving his county sentence. On May 18, 1993 Superior Court Judge Hiller B. Zobel in Piggott v. Dubois, supra, ordered the Commissioner of the Department of Correction to retroactively award earned good time credits to state prisoners for their participation in AA/NA and counseling programs between September 1987 and May 1993. Parzyck claims he is entitled to one hundred and twenty days of earned good time credits.
*458 DISCUSSION
DuBois argues that because the class of inmates in the Piggott case consisted of all state prisoners and at the time of the May 18, 1993 Piggott Order Parzyck had begun serving his county sentence, Parzyck is not a member of the certified class and has no standing to pursue this action.
For motion to dismiss purposes, the Court accepts the facts as set forth in Parzyck’s complaint as true and draws all reasonable inferences in Parzyck’s favor. Nader v. Citron, 372 Mass. 96 (1977).
DuBois claims that because Parzyck is a county prisoner and not a state prisoner, the Piggott Order does not apply to him. The Piggott Order states that earned good time credit may be awarded “upon submission of an affidavit by a state prisoner... who was incarcerated between September 1987 and May 1993 under the same term of imprisonment that is now being served whether comprised of a single sentence or two or more sentences being served concurrently or otherwise . . .’’ Parzyck is serving a from and after county sentence arising out of charges different from those for which he served the state sentence.
G.L.c. 127, §129 states:
... If a prisoner has two or more sentences to be served concurrently or otherwise, the maximum period of time for which he may be held under his sentences shall be the basis upon which the deduction shall be determined . . .
The Department of Correction stated in its memorandum on Revised Procedures and Practices Regarding Aggregation of Sentences (Revised Procedures) dated March 14, 1989 that this statutory language does not distinguish between sentences to the same institution, similar institutions, or different institutions and specifically applies to both consecutive and concurrent sentences. See Babcock v. Henneberry, Civil Action No. 83-4455 (Middlesex Super. Ct., August 29, 1983); Revised Procedures. Babcock interpreted this statute to mean that all sentences which comprise the maximum period of time for which an inmate may be held are to be aggregated for determining the applicable good conduct rate. This applies to consecutive or concurrent sentences to any state correctional facility or county House of Correction, with the exception of certain crimes such as those committed while incarcerated or while on parole.[3] See Revised Procedures. It follows that the Department of Correction should aggregate Parzyck’s state and county sentences, for the purposes of determining his good conduct rate.
Although the Piggott Order refers to state prisoners, the plaintiffs in Piggott alleged that DuBois’s refusal to award good conduct sentence deductions (earned good time) for satisfactory performance in AA/NA and counseling programs violated G.L.c. 127, §129D. G.L.c. 127, §129D does not apply to only state prisoners, but it applies to prisoners “confined at a correctional institution of the Commonwealth, or any jail or house of correction . . .” G.L.c. 127, §129D. Thus it applies to county prisoners, as well as state prisoners.
Parzyck was a state prisoner from April 14, 1989 to May 14, 1993. On May 14, 1993 he began serving his county sentence. According to Babcock and the Revised Procedures memo from the Department of Correction, Parzyck’s state and county sentences should be aggregated to determine his good conduct rate. The Piggott Order states that AA/NA earned good time credit is available to state prisoners “incarcerated between September 1987 and May 1993 under the same term of imprisonment that is now being served whether comprised of a single sentence or two or more sentences being served concurrently or otherwise ...” Because Parzyck’s state and couniy sentences should be aggregated to determine his earned good time credit rate, the Court interprets the language of Piggott to include county prisoners whose sentences are aggregated with their state sentences to determine their earned good time credit rate. Parzyck is a prisoner who alleges participation in AA, NA or counseling programs between September 1987 and May 1993 and who was incarcerated between September 1987 and May 1993 under the same term of imprisonment that is now being served, comprised of two sentences being served consecutively and aggregated to determine earned good time credit. Thus Parzyck does have standing under Piggott to pursue this action and DuBois’s motion to dismiss is denied. As DuBois’s only argument in support of his motion for summary judgment is Parzyck’s lack of standing and this Court determines that Parzyck does have standing, the motion for summary judgment is also denied.
ORDER
Accordingly, it is hereby ORDERED that defendant Larry E. DuBois’s Motion to Dismiss or in the alternative, Motion for Summary Judgment is DENIED.
Defendants are ORDERED to serve and file, within 20 days, memorandum of affidavit, if appropriate, with regard to material facts which they contend are in dispute and which they believe may require a trial (e.g. whether or not the plaintiff participated in the programs as he alleges etc.). If there are no material facts in dispute, the defendants shall so advise the Court. Plaintiff may file and serve a reply brief and/or affidavit within 14 days of receipt of defendants’ submissions.

 Alcoholics Anonymous/Narcotics Anonymous.

 DuBois does not allege nor is there any evidence that Parzyck committed the crimes for which he received the county sentence while incarcerated or while on parole.